MR. JUSTICE WEBER,
dissenting:
I dissent from the majority opinion which affirms the Workers’ Compensation Court. I conclude that the opinion considers only a portion of the pertinent facts and law.
Both the majority opinion and the Workers’ Compensation decision emphasize that the petition for full and final compromise settlement stated “The undersigned claimant was accidentally injured on October 25, 1974 . . . .” From that statement in the petition, the *192 Workers’ Compensation Court concluded that the wording within the four corners of the contract, was not ambiguous, and therefore no parole evidence could be admitted to show that the settlement petition covered two injuries rather than only the injury of October 25, 1974. The majority opinion then concluded that the Division’s revision of the settlement agreement to cover two dates of injury was beyond the authority of the Division and therefore that portion of the order expanding the settlement to include the 1977 accident was a nullity and of no force and effect. The majority then concluded that the order of the Division approved only claimant’s 1974 injury claim.
In addition to the foregoing facts, it is important to note that the order approving a full and final compromise settlement stated as follows:
“Lewis L. Bowen was accidentally injured on October 25, 1974 & March 3, 1977, while employed by the Anaconda Company . . .”
That order was signed on September 28, 1981 by the administrator of the Division. The order was approved by the workers’ compensation judge on September 29, 1981. Under the opinions of this Court, a full and final compromise settlement can only be reopened upon a showing of fraud, mutual mistake of fact, or personal incapacity. See Williams v. Industrial Accident Board (1939), 109 Mont. 235, 97 P.2d 1115; Kienas v. Peterson (Mont. 1980), 624 P.2d 1, 37 St.Rep. 1747. For a discussion of the distinction between rescission of a final settlement agreement and rescission of a full and final compromise settlement, see Hutchinson v. Intermountain Insurance Company (Mont. 1985), 710 P.2d 1810, 42 St.Rep. 1810.
The majority opinion concluded that the Workers’ Compensation Court did not actually rescind, alter or amend the previous order because the Division’s order only validly approved the 1974 injury claim. The majority ignores the specific provisions in the Division’s order which approved the full and final compromise settlement for both the 1974 and 1977 injuries, as did the Workers’ Compensation Court itself. Of particular significance at this point are the provisions of Section 39-71-743, MCA, which in pertinent part states:
“(4) The division has full power, authority and jurisdiction to allow and approve compromises of claims under this chapter. All settlements and compromises of compensation provided in this chapter are void without the approval of the division. Approval of the division must be in writing . . .” (Emphasis supplied.)
The only settlement approved by the Division covered both the Oc *193 tober 25, 1974 and March 3, 1977 injuries. There is no way in which the Division and Workers’ Compensation order could be classed as an approval only of the 1974 injury. The Division has the full power and authority to approve compromises. It approved a compromise of both the 1974 and 1977 injuries. The settlement of $14,175 is specifically stated to be a settlement of the claim for both injuries. If the Division did not have authority to revise the settlement agreement as stated in the majority opinion, then there is no longer an outstanding settlement agreement. Clearly the settlement approved by both the Division and the court covered both claims and cannot be restricted to the 1974 injury. The majority is incorrect in finding that the Division validly approved the 1974 injury claim. That is not the effect of the order. Under the statute, any settlement not approved by the Division is void. The Division has not approved the settlement of $14,175 for the 1974 injury only. In the absence of such an approval, the settlement is void.
At the very most, if an appropriate theory for reopening the order of September 28, 1981 can be found, the compromise settlement would have to be set aside in full. It is totally inappropriate to call it a settlement of the 1974 injury. I would reverse the Workers’ Compensation Court.
MR. JUSTICE GULBRANDSON joins in the dissent of MR. JUSTICE WEBER.